**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG <br><br> This Filing Relates To: <br><br> *The Mayor & Aldermen of the City of Savannah, Georgia v. 3M Co., et al.*, No. 2:25-cv-4812-RMG |

**DEFENDANTS INNOVATIVE CHEMICAL TECHNOLOGIES, INC. AND ICT INDUSTRIES, INC.'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**

Pursuant to Case Management Order No. 20, Defendants Innovative Chemical Technologies, Inc. and ICT Industries, Inc. ("Defendants"), by and through undersigned counsel, hereby set forth their General Denial and Preliminary Statement of Affirmative Defenses in response to the Complaint filed by the Mayor and Aldermen of the City of Savannah, Georgia ("Plaintiff") in the above-captioned action pending in the multidistrict litigation, Case No. 2:18-mn-2873-RMG ("MDL"), including any Amended Complaints that may be filed by Plaintiff, and to any subsequent Complaint that may be filed against Defendants in the MDL or transferred to the MDL.

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny generally and specifically each and every allegation set forth in the Complaint, and the whole thereof, and each and every cause of action alleged therein. Defendants demand strict proof of the same by a preponderance of the evidence and/or by clear and convincing evidence as required by applicable law. Defendants further deny that Plaintiff has sufficiently alleged grounds upon which any relief

may be granted. Defendants further deny that Plaintiff has sustained any cognizable injury or suffered any recoverable damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any alleged act, breach, conduct, or omission on the part of Defendants or anyone acting on their behalf. To the extent that cross-claims have been filed or may be filed against Defendants, Defendants deny the allegations in those cross-claims and assert the following affirmative defenses against those cross-claims.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses in response to the allegations in Plaintiff's Complaint filed in the above-captioned action, and to other Complaints that may be filed by additional plaintiffs against Defendants in the MDL:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendants.

2. Plaintiff's claims are barred, in whole or in part, for lack of standing.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of repose.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a real party in interest and/or lacks capacity to bring its claims, including any claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

6. Plaintiff failed to join necessary and/or indispensable parties.

7. Plaintiff's claims are not ripe and are not justiciable.

8. Plaintiff's claims, in whole or in part, are moot.

9. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to exhaust administrative remedies.

10. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

11. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of equitable estoppel and/or waiver.

12. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, and/or release.

13. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of consent.

14. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of laches.

15. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of unclean hands.

16. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

17. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

18. Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff fails to specifically allege any specific facility that is or was owned or operated by Defendants that caused or contributed to the alleged PFAS presence in the Savannah River and/or Plaintiff's source water supply.

19. Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff fails to specifically allege the pathway of how PFAS allegedly originating from Defendants' alleged operations entered into Plaintiff's source water supply.

20. Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants own and operate only one manufacturing facility in the Savannah River Basin that discharges industrial wastewater—at 3005 International Boulevard, Augusta, Georgia 30906 ("Augusta Facility")—and Defendants do not and did not knowingly manufacture, sell, or use PFAS or PFAS-containing products in their manufacturing processes at the Augusta Facility.

21. Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants do not and did not knowingly discharge PFAS or industrial wastewater containing PFAS to the Augusta Waste Water Treatment Plant from their manufacturing operations at the Augusta Facility.

22. Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants do not and did not knowingly discharge PFAS in stormwater or groundwater from their manufacturing operations at the Augusta Facility.

23. Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants' Augusta Facility is not materially contributing to the levels of PFAS in Plaintiff's water supply in Abercorn Creek.

24. Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff's purported exposure to Defendants' wastewater and/or products, if any, is too removed, de minimis, indefinite, and/or insufficient to establish to a reasonable degree of probability that Defendants' conduct caused any alleged injury, damage, or loss to Plaintiff.

25. Plaintiff's claims are barred, in whole or in part, because Defendants owed no legal duty to Plaintiff or, if Defendants owed such a duty, Defendants did not breach any such duty.

26. Plaintiff's claims are barred, in whole or in part, because Defendants at all relevant times exercised due care and reasonable care in their operations, in accordance with the applicable standards of care under all applicable laws, regulations, and industry practices and customs, and took reasonable precautions against foreseeable acts or omissions of others.

27. Plaintiff's claims are barred, in whole or in part, because Defendants did not conduct themselves in a negligent, willful, reckless, or wanton manner.

28. Plaintiff's claims are barred, in whole or in part, because Defendants used proper methods in designing, testing, and manufacturing their products in conformity with (1) federal and state regulations, standards, and laws in effect; (2) available knowledge and research of the scientific and industrial communities; (3) generally recognized and prevailing industry standards; and (4) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

29. Plaintiff's claims are barred, in whole or in part, because none of Defendants' alleged acts or omissions were the actual cause or proximate cause of Plaintiff's alleged injuries and/or damages.

30. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that its alleged damages were caused by exposure to PFAS attributable to Defendants.

31. Plaintiff's claims against Defendants are barred, in whole or in part, because any connection between Defendants' acts or omissions and any alleged injury, damage, or loss to Plaintiff is too removed, de minimis, indefinite, and/or insufficient to establish a causal link.

32. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries and/or damages, if any, were caused or contributed to by the acts, omissions, and/or conduct of Plaintiff and/or other persons, firms, corporations, and/or entities, including other defendants, over whom Defendants had no control or right of control and for whom Defendants are not responsible.

33. Any injuries and/or damages sustained by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

34. Plaintiff's claims are barred, in whole or in part, to the extent that Defendants' products were unforeseeably misused or altered.

35. Plaintiff's claims are barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

36. Plaintiff's claims are barred, in whole or in part, because Defendants' industrial discharges did not interfere with legitimate water uses of waters of the State of Georgia.

37. Plaintiff's claims are barred, in whole or in part, to the extent the permit shield doctrine applies because any wastewater was discharged pursuant to lawful permits.

38. Plaintiff's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendants that are the subject of Plaintiff's claims. Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

39. Plaintiff's claims are barred, in whole or in part, by the doctrines of comparative negligence, contributory negligence, and/or assumption of risk.

40. Plaintiff's claims are or may be barred, in whole or in part, by the municipal cost recovery rule, free public services doctrine, and/or any similar or related doctrines available under applicable law.

41. Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendants, and in the event that Defendants are found to be liable to Plaintiff, Defendants will be entitled to indemnification, contribution, and/or apportionment.

42. Defendants assert their rights to allocation or apportionment of fault pursuant to applicable state law, as well as their rights to a proportionate reduction of any damages found against Defendants based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff. If any judgment in Plaintiff's favor is entered in the above-captioned action, or in any action in the MDL, against Defendants, then said judgment must be apportioned among any and all other persons, whether parties or non-parties, who are or could be responsible for any of Plaintiff's injuries or damages.

43. Plaintiff's claims against Defendants are barred, in whole or in part, by the economic loss rule.

44. Plaintiff's claims against Defendants are barred, in whole or in part, to the extent that Plaintiff failed to mitigate damages, if any, and/or failed to exercise reasonable care and diligence to avoid loss and minimize damages.

45. Plaintiff's claims against Defendants are barred, in whole or in part, to the extent that the alleged damages were due to preexisting conditions, for which Defendants cannot be held responsible.

7

46. Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

47. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to link its damages to any discharges by Defendants.

48. Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff's alleged damages were unknown and not reasonably foreseeable to Defendants at the time of the conduct alleged.

49. Plaintiff's claims against Defendants are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time that it occurred.

50. Defendants cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged damages are divisible from and greater than any harm allegedly caused by Defendants' acts or omissions.

51. Plaintiff's nuisance claims against Defendants are barred because Plaintiff cannot show any injury, inconvenience, interference, or damage.

52. Plaintiff's nuisance and abatement claims against Defendants are barred, in whole or in part, because Defendants did not control any alleged nuisance and Defendants are not liable for maintenance of a nuisance caused by another person.

53. Plaintiff's nuisance and abatement claims are barred, in whole or in part, because the alleged nuisance refers to a permanent nuisance that cannot be abated.

54. Plaintiff's nuisance and abatement claims are barred, in whole or in part, because Plaintiff does not have standing to assert such claims in whole or in part.

55. Plaintiff's trespass claims are barred because there was no physical invasion of Plaintiff's property.

56. Plaintiff's trespass claims are barred because Defendants did not intentionally or negligently cause an invasion of Plaintiff's possessory interest in the source water it withdraws from Abercorn Creek.

57. Plaintiff's trespass claims are barred because Defendants' conduct did not lessen the value of Plaintiff's land.

58. Plaintiff's claims against Defendants are barred because Defendants were legally authorized to discharge industrial wastewater pursuant to its wastewater discharge permits.

59. Plaintiff's failure to warn claims against Defendants, if any, are barred because Defendants are not "PFAS Manufacturers" as that term is defined in the Complaint and have no duty to warn.

60. Plaintiff's claims for punitive damages fail as a matter of law because the Complaint fails to state an underlying claim upon which punitive damages may be awarded.

61. Plaintiff's claims for punitive damages fail as a matter of law because Defendants did not engage in any conduct that would warrant or form a valid basis for an award of punitive damages.

62. Plaintiff's claims for punitive damages fail as a matter of law because Defendants did not act with the requisite state of mind to warrant an award of punitive damages.

63. Plaintiff's claims for punitive damages fail because at all relevant times, Defendants have complied with all applicable statutes and regulations set forth by federal, state, and/or local governments regarding the conduct alleged in the Complaint.

64. Plaintiff's claims for punitive damages fail because Defendants' conduct conformed to industry standards based on the medical, scientific, technical, and/or industrial knowledge available to Defendants at all times relevant to the claims or causes of action asserted by Plaintiff.

65. Plaintiff's claims for punitive damages fail because an award of punitive damages would be unconstitutional insofar as it violates Defendants' rights to due process afforded by the United States Constitution, the Georgia Constitution, and any other applicable provisions of the Constitution of any other state whose laws may apply.

66. Regarding Plaintiff's claims for compensatory and punitive damages, Defendants are entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law.

67. Plaintiff's claims for attorneys' fees and other expenses of litigation are barred because Defendants have not acted in any way to give rise to any claims for attorneys' fees and expenses of litigation.

68. Defendants adopt and incorporate by reference any additional applicable defense asserted by any other defendant not otherwise pleaded herein.

69. Defendants adopt and incorporate by reference any additional applicable defense asserted by Defendants prior to transfer in any case transferred to the MDL.

70. Defendants reserve the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceed.

71. Defendants reserve the right to assert other affirmative defenses as they may become known to Defendants during the course of the above-captioned action and the MDL.

**RESERVATION OF RIGHTS**

Defendants do not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any of the above defenses. All the preceding defenses are pled in the alternative and do not constitute an admission that Defendants are liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Defendants reserve their rights to (1) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (2) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (3) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (4) to amend this document to assert any such defenses.

Defendants reserve their rights to assert all the defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure and all such other defenses, affirmative or otherwise, as may prove to be applicable. Defendants further reserve their rights to assert such claims, counterclaims, cross-claims, third-party claims, and/or other claims as investigation and discovery may prove applicable, and hereby reserve all their rights associated with any such claims or potential claims. Defendants further reserve their rights to separately and fully answer Plaintiff's Complaint and/or to otherwise respond to Plaintiff's Complaint in accordance with any Scheduling Order or Case Management Order set by this Court or another Court in the event that this action is remanded. Defendants reserve the right to amend or supplement this General Denial and Preliminary Statement of Affirmative Defenses.

Respectfully submitted,

**ALSTON & BIRD, LLP**

*/s/ Meaghan Boyd*
Meaghan Boyd
meaghan.boyd@alston.com
Andrea Galvez
andrea.galvez@alston.com
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777

*Attorneys for Defendants Innovative Chemical Technologies, Inc. and ICT Industries, Inc.*

This 1st day of August, 2025.