# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | **MDL No. 2:18-mn-2873-RMG**<br><br>**DEFENDANT TRANTECH RADIATOR PRODUCTS, INC.'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**<br><br>*This filing applies to*<br>***Civil Action No. 2:25-cv-04812-RMG*** |

Defendant Trantech Radiator Products, Inc. ("Defendant"), by and through its undersigned counsel, hereby submits this General Denial and Statement of Affirmative Defenses in response to the Amended Complaint in the above-referenced case and further responds to the Complaints which have been or may be filed by any Plaintiff or Third-Party Plaintiff ("Plaintiffs") in the above-captioned MDL, and in which Defendant has been named. This General Denial and Statement of Affirmative Defenses does not waive the Defendant's right to separately and fully answer the Amended Complaint, file a motion or otherwise respond to the Amended Complaint in accordance with a Scheduling Order to be set by the Court.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies generally and specifically each and every allegation set forth in Plaintiffs' Complaints, and each and every alleged cause of action therein, and Defendant demands strict proof thereof as required by applicable law. Any allegation not specifically admitted is hereby denied. Defendant further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could or should be granted. Defendant further denies that Plaintiffs have sustained any cognizable injury, or suffered any recoverable damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any alleged act, breach, conduct or omission on the part of Defendant or anyone acting on its behalf. Defendant reserves its rights to assert cross-claims and/or third-party claims, in accordance with the Federal Rules of Civil Procedure, at the time of the filing of any answers in individual cases.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. Defendant asserts the following affirmative defenses in response to the allegations in each of Plaintiffs' Complaints filed or consolidated in the above-captioned action:

2. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to state or constitute a claim upon which relief may be granted

against Defendant and, therefore, must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal and/or subject matter jurisdiction over Defendant, and the Complaint must therefore be dismissed under Rule 12(b)(1) and/or 12(b)(2) of the Federal Rules of Civil Procedure.

4. Plaintiffs lack standing to bring any of the claims or causes of action asserted in the Complaint.

5. The Complaint, and each alleged claim or cause of action contained therein, is barred, in whole or in part, by the applicable statute of limitations.

6. The Complaint, and each alleged claim or cause of action contained therein, is barred, in whole or in part, by the applicable statute of repose.

7. The Complaint, and each alleged claim or cause of action contained therein, is barred, in whole or in part, because Defendant is entitled to immunity from suit under the government contractor defense. See *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

8. The Complaint, and each alleged claim or cause of action contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim or cause of action contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in

interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

10. Plaintiffs' claims are not ripe.

11. Plaintiffs' claims are moot.

12. Plaintiffs' claims are barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

13. Plaintiffs' claims are barred by the doctrine of unclean hands.

14. Plaintiffs' claims are barred by the doctrines of estoppel and/or waiver.

15. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated purchaser, sophisticated user, sophisticated intermediary, and/or knowledgeable user doctrines or other similar or related doctrines available under applicable law.

17. Any injuries and/or damages sustained by Plaintiffs have been caused or contributed to by the negligence and/or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Defendant had no control or right of control and for whom Defendant is not responsible.

18. Plaintiffs' Complaints should be dismissed because Defendant did not design, manufacture, market, or advertise Aqueous Film-Forming Foams, and is not

the successor to any corporation that may have designed, marketed, sold, advertised or distributed any Aqueous Film-Forming Foam.

19. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

20. Plaintiffs' claims are barred, in whole or in part, because Defendant's products were unforeseeably misused or altered.

21. Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

22. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

23. Plaintiffs' claims are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

24. To the extent Plaintiffs' alleged injuries occurred during the scope and course of their employment, Plaintiffs' exclusive remedy and right to recovery in this matter is under the applicable state or federal workers' compensation laws.

25. Plaintiffs' claims are barred, in whole or in part, because Defendant reasonably and justifiably relied on the manufacturers of the product in question to design, test, manufacture and provide information about their products in conformity

with (i) all applicable federal, state and/or local regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

26. Plaintiffs' claims are barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

27. Plaintiffs' claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendant that are the subject of Plaintiffs' claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

28. Plaintiffs' purported exposure to Defendant's product, if any, was too removed, indefinite, *de minimus* and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiffs.

29. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

30. Plaintiffs' claims are barred, in whole or in part, under the doctrine of federal preemption, including, without limitation, express preemption, conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

31. Plaintiffs' claims are barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the Uniform Commercial Code.

32. Defendant did not own, control or release the product(s) that allegedly caused some or all of the injuries and/or damages alleged in the Complaints.

33. The continuing tort doctrine is inapplicable to one or more of the Plaintiff's causes of action.

34. Plaintiffs' injuries and/or damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that Defendant is found to be liable to Plaintiffs, Defendant will be entitled to indemnification, contribution, and/or apportionment.

35. Defendant asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Defendant based on the negligence or conduct of any settling co-defendant, tortfeasor and/or responsible third party and/or Plaintiffs.

36. Plaintiffs' claims against Defendant are barred or limited by the economic loss rule.

37. Plaintiffs failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate their damages.

38. Plaintiffs' Complaints are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

39. Plaintiffs' claims against Defendant are barred, in whole or in part, under the firefighter/fireman's rule and/or public duty doctrine.

40. Plaintiffs' claims are barred, in whole or in part, under the free public services doctrine or municipal cost recovery rule.

41. Plaintiffs' claims are barred for lack of proximate causation between any alleged act or omission of Defendant and the claims, injuries, damages and/or harms alleged in the Plaintiffs' Complaints.

42. Plaintiffs' claims for trespass or nuisance are barred, in whole or in part, because any alleged trespass or nuisance was unintentional, unforeseen, a necessity, and/or de minimis and therefore non-compensable.

43. Plaintiffs' claims are barred, in whole or in part, because there was no alternative feasible design for the products at issue during the relevant time period.

44. Plaintiffs' claims are barred, in whole or in part, because there is no privity between the Plaintiffs and Defendant.

45. Plaintiffs have alleged an injury that, as a matter of law, does not support a recovery in tort.

46. To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

47. Plaintiffs' claims are barred, in whole or in part, because Defendant did not owe a legal duty to Plaintiffs or, if they owed such a duty, did not breach and/or fully discharged that duty.

48. Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

49. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and/or damages allegedly sustained by Plaintiffs.

50. Plaintiffs' claims are barred, in whole or in part, because to the extent Defendant owed any cognizable duty to warn, Defendant adequately discharged such duty.

51. Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

52. Plaintiffs' claims for punitive or exemplary damages are barred or limited to the extent they violate Defendant's due process and equal protection rights under the United States Constitution and applicable state law, to the extent they violate the excessive fines provisions of the United States Constitution and applicable state law, to the extent they place an impermissible burden on interstate commerce, to the extent they violate the Contract Clause of Article I, Section 10, and to the extent they violate the constitutional prohibition against vague and overbroad laws.

53. Defendant is entitled to all the procedural, substantive and other protections, caps, and limitations provided by applicable state statutes and/or other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

54. The Complaints fail to state a claim upon which punitive or exemplary damages may be awarded.

55. Defendant did not engage in any conduct which would warrant or form a valid basis for an award of punitive or exemplary damages.

56. Plaintiffs have failed to adequately plead and/or allege that Defendant acted with the requisite state of mind to warrant an award of punitive or exemplary damages.

57. Defendant has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaints, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

58. Punitive damages are not available because all conduct and activities of the Defendant alleged in the Complaints conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

59. Punitive damages are not available because Defendant neither knew nor should have known that the substances to which Plaintiffs allegedly were exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Defendant therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive or exemplary damages would violate Defendant's constitutional right to due process.

60. Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of any other state whose laws may apply.

61. The relief that Plaintiffs seek, in whole or in part, violates Defendant's due process rights.

62. The constitutional guarantee of due process under the United States Constitution and various state constitutions prevents the retroactive imposition of liability for alleged acts and/or omissions that were in compliance with applicable state and federal laws and regulations at the time such alleged acts and/or omissions occurred.

63. To the extent that Plaintiffs seek injunctive relief, monetary damages, and/or any other form of relief based on market share liability, concert of action, alternative liability, enterprise liability, civil conspiracy, or any other form of collective liability such that Plaintiffs are not required to identify the specific party whose acts or omissions actually or proximately caused Plaintiffs' alleged injury,

imposition of such injunctive relief, monetary damages, and/or other relief violates due process under the United States Constitution and state constitutions.

64. Defendant denies any negligence, culpable conduct, or liability on its part but, if ultimately is found liable for any portion of Plaintiffs' alleged damages, Defendant shall only be liable for its equitable share of Plaintiffs' alleged damages.

65. Defendant denies any liability, but in the event it is found to have any liability to Plaintiffs, Defendant is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and/or expenses alleged in the Complaints; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaints.

66. Defendant cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Defendant.

67. All or some of Plaintiffs' claims are barred because imposition of liability would violate Defendant's rights to free speech and to petition the Government for a redress of grievances under the First Amendment to the United States Constitution and state constitutions.

68. Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) sold or distributed by Defendant.

69. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFOA from any product(s) sold, distributed or otherwise attributable to Defendant.

70. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFOA has been reliably established, through scientific means, to be capable of causing Plaintiffs' alleged injuries.

71. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFOA, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing Plaintiffs' alleged injuries.

72. Plaintiffs' claims are barred, in whole or in part, because Defendant acted reasonably and in good faith.

73. Plaintiffs' damages, if any, were caused or contributed to by third parties over whom Defendant has no control and no legal duty to control.

74. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and Defendant may not be held liable under retroactive theories not requiring proof of fault or causation.

75. Any damages Plaintiffs may have suffered were not reasonably foreseeable by Defendant at the time of the alleged conduct.

76. Plaintiffs' claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiffs allegedly were exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiffs.

77. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to pre-existing conditions, for which Defendant cannot be held responsible.

78. Plaintiffs' claims for strict liability are barred because of the principles embodied in Section 402A of the Restatement (Second) of Torts and its comments.

79. Plaintiffs' trespass claim is barred because Plaintiffs consented to the delivery of the product to its property that is the subject of their claim or cause of action.

80. Plaintiffs' trespass claim fails to the extent based on property that is not in Plaintiffs' exclusive possession.

81. Plaintiffs' claims are barred, in whole or in part, because Defendant reasonably and justifiably relied on customers and others to provide the particular specifications and modifications, including the inclusion or addition of Aqueous Film-Forming Foam, in the equipment being purchased from Defendant. Defendant delivered a final product that may, or may not have, contained Aqueous Film-Forming Foam as specified by the customer.

82. Some or all of the claims in some or all of the cases may be governed by arbitration clauses and may be subject to arbitration.

83. Defendant reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

84. Defendant adopts and incorporates by reference any additional applicable defense pleaded by any other defendant not otherwise pleaded herein.

85. Defendant adopts and incorporates by reference any additional applicable defense asserted by any other defendant prior to transfer in any case transferred to this MDL.

## **RESERVATION OF RIGHTS**

Defendant does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative, and none constitutes an admission that Defendant is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.

Defendant reserves its right to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

This 1st day of August, 2025.

[signatures continued on next page]

Respectfully submitted,

**BENDIN SUMRALL & LADNER, LLC**

_____
**ROGER S. SUMRALL**
Georgia Bar Number 004490

_____
**W. COLTON SEIDEL**
Georgia Bar Number 868614
One Midtown Plaza, Suite 800
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
P: 404.671.3100
E: RSumrall@bsllaw.net
E: CSeidel@bsllaw.net

*Attorneys for Defendant*
*Trantech Radiator Products, Inc.*

- 18 -